IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOHNATHAN LEE ALMOND #1500633 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv498 |
| BOTIE HILLHOUSE | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Johnathan Lee Almond, a pretrial detainee in the Henderson County Jail proceeding pro se, filed a petition for a writ of habeas corpus and paid the filing fee. The petition was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case. For the reasons explained below, the case should be dismissed without prejudice.

Background

Petitioner checked boxes on his form habeas petition indicating that he challenges both a "judgment of conviction or sentence, probation or preferred-adjudication probation" and "a charge/indictment." (Dkt. #1 at 2.) For date of conviction, Petitioner states that he was indicted on September 21, 2022, and he provides the relevant state court case docket information: CR22-0582-392 for evading arrest with prior conviction in Henderson County, Texas. (*Id.*) He states that he has filed no appeals or other petitions, applications, or motions, including state habeas corpus applications, from the state court rulings. (*Id.* at 3.) As of the date of his federal habeas filing in December 2022, Petitioner stated that he had been in jail for six months on this charge. (*Id.* at 2.)

Publicly available records of the 392nd District Court in Henderson County, Texas confirm that Petitioner was indicted for "evading arrest det w/prev conviction" on September 20, 2022. *See* Docket,

*State of Texas v. Johnathan Lee Almond*, No. CR22-0582-391, available at https://portal-txhenderson.tylertech.cloud/PublicAccess/CaseDetail.aspx?CaseID=711317 (last visited Mar. 26, 2023). Petitioner was arraigned on November 3, 2022. *Id.* He is in jail, having been denied a bond reduction at least once. *Id.* A status conference is set in the case for April 6, 2023. *Id.* A trial date does not appear to have been set.

Claims for Relief

The petition raises four grounds for relief:

1. Petitioner challenges his bond amount of $25,000 (Dkt. #1 at 6);
2. He challenges the validity of his arrest warrant (*id.*);
3. He challenges the timing of his indictment (*id.* at 7); and
4. He claims that he is innocent of the crime for which he is charged. (*Id.*)

Petitioner asks that the charge against him be dropped and expunged from his record. (Dkt. #1 at 7.)

Standard of Review

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does "not sit as a super state supreme court to review error under state law." *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007) (citations omitted); *Porter v. Estelle*, 709 F.2d 944, 957 (5th Cir. 1983).

Under 28 U.S.C. § 2241(c)(3), federal courts may grant habeas relief on claims by a state pretrial detainee if he is in custody in violation of the Constitution or laws or treaties of the United

States. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). But federal consideration of habeas petitions from detainees with ongoing state criminal proceedings raises at least two special concerns: interference with state proceedings and exhaustion.

Federal courts have generally recognized that the "*Younger* abstention doctrine," arising from *Younger v. Harris*, 401 U.S. 37 (1971), applies to petitions for the writ of habeas corpus. *See*, *e.g.*, *In re Justices of Superior Ct. Dep't of Mass. Tr. Ct.*, 218 F.3d 11, 17–18 (1st Cir. 2000) (applying abstention principles to pretrial habeas petition); *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988) (affirming dismissal of pretrial habeas petition on abstention grounds). The *Younger* abstention doctrine requires a federal court to abstain from interfering with pending state civil or criminal proceedings involving important state interests, absent extraordinary circumstances. *Younger*, 401 U.S. at 44; *see Jones v. Perkins*, 245 U.S. 390, 391–92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."). *Younger* abstention is generally appropriate when three requirements are met: (1) there is an on-going state judicial proceeding; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceeding to raise constitutional challenges. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *accord Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012).

When these factors are present, abstention is appropriate unless intervention is "absolutely necessary for protection of constitutional rights" and, without federal court intervention, "the danger of irreparable loss is both great and immediate." *Younger*, 401 U.S. at 45 (quoting *Fenner v. Boykin*, 271 U.S. 240, 242–43 (1926)). The Fifth Circuit has observed three "narrowly delineated" exceptions to *Younger* abstention:

> (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) application of the doctrine was waived.

*Texas Ass'n of Business v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004).

The Supreme Court has cautioned that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court," and explained that

> Early federal intervention in state criminal proceedings would tend to remove federal questions from the state courts, isolate those courts from constitutional issues, and thereby remove their understanding of and hospitality to federally protected interests. [Exhaustion doctrine] preserves orderly administration of state judicial business, preventing the interruption of state adjudication by federal habeas proceedings.

*Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489, 490 (1973) (quoting Note, Developments in the Law–Federal Habeas Corpus, 83 Harv. L. Rev. 1038, 1094 (1970)). The court thus found that the district court had properly granted relief on a fully exhausted speedy trial claim, but "emphasize[d] that nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court," and rejected the notion that its decision would "convert[] federal habeas corpus into 'a pretrial-motion forum for state prisoners.'" *Id.* at 493.

Even when a case is sufficiently extraordinary to overcome *Younger*, a pretrial detainee is only entitled to federal review if he has exhausted his available state remedies. *See Dickerson*, 816 F.2d at 224. State remedies are ordinarily not considered exhausted if the petitioner may effectively present his claim to the state courts by any currently available and adequate procedure. *Braden*, 410 U.S. at 489-92. Exhaustion is necessary to respect the comity between the state and federal sovereigns and is a fundamental prerequisite to federal habeas corpus relief. *Picard v. Conner*, 404 U.S. 270, 275 (1971). The district court may raise the exhaustion requirement sua sponte. *McGee v. Estelle*, 722 F.2d 1206,

4

1208 (5th Cir. 1984) (en banc). The exhaustion requirement demands that an applicant "fairly apprise the highest court of his state of the federal rights which were allegedly violated" and do so "in a procedurally correct manner." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

Texas provides an avenue for pretrial remedies for detainees. Specifically, Texas trial courts have jurisdiction over habeas corpus applications filed by pretrial detainees pursuant to Article 11.08 of the Texas Code of Criminal Procedure. Article 11.08 allows a pretrial detainee to challenge his confinement via a writ of habeas corpus in the trial court. If a trial court denies habeas relief, the applicant's appropriate remedy would be to take an appeal from this denial to the Court of Appeals. *Ex parte Payne*, 618 S.W.2d 380, 382 n.5 (Tex. Crim. App. 1981). If the applicant is not satisfied with the decision of the Court of Appeals, he may petition for discretionary review with the Texas Court of Criminal Appeals. *Ex parte Twyman*, 716 S.W. 2d 951, 952 (Tex. Crim. App. 1986). Thus, Petitioner has an avenue of exhaustion in the state courts.

Discussion and Analysis

Petitioner's criminal prosecution is ongoing, and it is indisputable that "[t]he state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984). Moreover, as explained above, Texas provides an opportunity for detainees to exhaust their pretrial claims. Petitioner admits that he has not followed the pretrial habeas procedure outlined above or filed any other challenges in state court to the trial court's refusal to decrease his bond. And his remaining claims all go directly to matters that he must litigate in state court as part of his defense to the pending charge against him, which have not yet proceeded to the point of final ruling. Accordingly, it is clear that Petitioner has not exhausted these claims. That alone is sufficient basis for dismissal of all four of Petitioner's claims.

Moreover, *Younger* would require the Court to abstain from considering Petitioner's challenges

to the validity of the charge against him (Claims 2–4) at this stage even if they were properly exhausted. The Supreme Court has found habeas relief on a very narrow category of claims, including speedy trial claims, to be proper where the relief sought was a prompt trial. *Braden*, 410 U.S. at 485, 489 (observing that the petitioner sought an order "directing respondent to afford him an immediate trial" and that "petitioner has exhausted all available state remedies as a prelude to this action"). "[C]ourts appear to distinguish, however, between speedy trial claims where the petitioner seeks to enforce his right to speedy trial by asking the federal court to order that a trial take place—in which case the court should not abstain if the petitioner has exhausted his state court remedies—and speedy trial claims where the petitioner seeks to enjoin the pending state court proceedings based on a speedy trial claim—in which case the court should abstain." *Barrett v. Scott*, No. 16-CV-3073, 2016 WL 3661103, at *2 (C.D. Ill. July 5, 2016) (abstaining from Section 2241 pretrial speedy trial claim where petitioner sought release rather than trial); *see also Simpson v. Dail*, No. 5:09-HC-2109-FL, 2010 WL 3835137, at *3 (E.D.N.C. Sept. 28, 2010) (holding that the "court lacks jurisdiction under *Younger* and its progeny" to consider Section 2241 pretrial IADA and speedy trial claims seeking dismissal of charges).

Petitioner here expressly asks for dismissal of a state criminal charge and related relief. (Dkt. #1 at 7.) Both *Younger* and the exhaustion requirement preclude the Court's consideration of that request. The Supreme Court has made clear that "[o]nly if 'extraordinary circumstances' render the state court incapable of fairly and fully adjudicating the federal issues before it, can there be any relaxation of the deference accorded to the state criminal process." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975). "[S]uch circumstances must be 'extraordinary' in the sense of creating an extraordinary pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation." *Id.* at 125. Petitioner does not allege any such extraordinary circumstances in this case.

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

To obtain a certificate of appealability, the petitioner must make a substantial showing that the petitioner has been denied a federal right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). To do this, he must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *James v. Cain*, 50 F.3d 1327, 1330 (5th Cir. 1995).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the prisoner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Reasonable jurists reviewing this case could not disagree with the recommended outcome. Accordingly, the Court should deny a certificate of appealability.

RECOMMENDATION

The undersigned accordingly recommends that a writ of habeas corpus be denied, this action be dismissed without prejudice to Petitioner's right to pursue any available habeas claims in the event

that he is convicted or fully exhausts any claim amenable to earlier federal review, and that a COA be denied *sua sponte*.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 31st day of March, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE